COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

ARMANDO MADRID,                                        No. 08-09-00182-CR

§

            Appellant,                                       Appeal from

§

v.                                                          109th District Court

§

THE STATE OF TEXAS,                                   of Andrews County, Texas

§

            Appellee.                                       (TC # 4715)

§

## O P I N I O N

Armando Madrid appeals an order denying his motion for forensic DNA testing. For the reasons that follow, we affirm.

## FACTUAL SUMMARY

A jury found Appellant guilty of two counts of indecency with a child by sexual contact, found both enhancement paragraphs true, and assessed his at imprisonment for twenty-five years on each count. We affirmed the conviction and the Court of Criminal Appeals denied Appellant's petition for discretionary review. *Armando Madrid v. State*, No. 08-07-00127-CR, 2008 WL 2967013 (Tex.App.--El Paso July 31, 2008, pet. ref'd). Appellant subsequently filed a motion for forensic DNA testing of panties and pants. The State did not file a response. *See* TEX.CODE CRIM.PROC.ANN. art. 64.02 (Vernon Supp. 2009).

The evidence admitted at trial showed that the complainant had not washed the clothes she had been wearing at the time of the sexual assault and a law enforcement officer collected the clothing as evidence. *Madrid*, 2008 WL 2967013 at *1. The complainant's panties, bra, and shirt, and blood samples from the complainant and Appellant were submitted to the D.E.A. Crime Lab in

Lubbock for analysis. *Id.* DNA analysis of a semen stain on the crotch of the complainant's panties revealed, to a reasonable degree of scientific certainty, that Appellant was the source of the DNA profile found in the sperm fraction of the semen stain. *Id.* The complainant's DNA was also found on the same stained section of the underwear. *Id.*

In his motion, Appellant asserted that the panties belonged to the complainant's mother, not the complainant. Appellant admitted having a relationship with the mother and he claimed the complainant's skin cells were placed on the panties when she handed them to the deputy. Consequently, he requested that the panties be re-tested against the mother's DNA and also to determine if any body fluid from the complainant could be found. Appellant also claimed that the complainant's pants were not submitted for testing. Appellant reasoned that if his DNA was not found on the pants, it would refute the complainant's testimony that he forcibly removed the pants and prove he is innocent. At the hearing, the trial court took judicial notice of all the testimony submitted during hearings and the trial. The trial court denied the motion because Appellant had not met the requirements of Chapter 64 of the Code of Criminal Procedure. This appeal follows.

## DENIAL OF MOTION FOR DNA TESTING

Appellant presents two issues on appeal challenging the denial of his motion for forensic DNA testing. First, he argues the trial court erred as a matter of law in finding that Appellant failed to establish by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing. Second, he contends that the trial court erroneously focused only on whether the evidence was tested and ignored other factors under Article 64.01(b)(1)(B).

Under Article 64.01, a convicted person may submit to the convicting court a motion for forensic DNA testing of evidence containing biological material. TEX.CODE CRIM.PROC.ANN. art.

64.01(a).  The motion must be accompanied by an affidavit, sworn to by the convicted person, containing statements of fact in support of the motion.  TEX.CODE CRIM.PROC.ANN. art. 64.01(a). A convicting court may order forensic DNA testing under Chapter 64 only if:

> (1) the court finds that:
>
>> (A) the evidence:
>>
>>> (i) still exists and is in a condition making DNA testing possible; and
>>>
>>> (ii) has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect; and
>>
>> (B) identity was or is an issue in the case; and
>
> (2) the convicted person establishes by a preponderance of the evidence that:
>
>> (A) the person would not have been convicted if exculpatory results had been obtained through DNA testing; and
>>
>> (B) the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice.

TEX.CODE CRIM.PROC.ANN. art. 64.03.

Although the trial court did not specify the exact basis for its denial of the motion, the court could have found that Appellant failed to prove by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing.  The defendant is not required to prove actual innocence, but he must prove that, had the results of the DNA test been available at trial, there is a 51% chance that he would not have been convicted.  *See Smith v. State*, 165 S.W.3d 361, 364 (Tex.Crim.App. 2005)(discussing amendment of Section 64.03(a)(2) and bill analysis).  The question before us is whether Appellant met this burden of proof. In our review of this issue, we have considered the reporter's record filed in *Armando Madrid v.*

*State*, No. 08-07-00127-CR and *Armando Madrid v. State*, No. 08-07-00128-CR because the trial court took judicial notice of all the testimony admitted at the trial.

The complainant identified the panties admitted into evidence at trial as the panties she had been wearing at the time of the sexual assault. These panties were submitted for testing and a semen stain was found on the crotch of the panties. The semen-stained section of the panties was removed and analyzed for DNA. The DNA of both Appellant and the complainant were found on this portion of the panties. There is no evidence than an unknown specimen of DNA was found on this portion of the panties. If the mother's epithelial cells or DNA are found on some other portion of the panties, it is relevant to prove that she touched the panties at some point. It does not, however, negate or outweigh the testimonial and scientific evidence admitted at trial establishing that the DNA of both Appellant and the complainant were found on the semen-stained section of the panties. Likewise, if additional testing failed to find Appellant's epithelial cells on some other portion of the panties or on the complainant's pants, it does not outweigh the inculpatory evidence admitted at trial. Thus, Appellant did not prove by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing. We overrule Issue One. Because the trial court could have properly denied Appellant's motion for the reasons just stated, we need not address Issue Two. We affirm the trial court's order denying DNA testing.

August 18, 2010

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)